UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERINERSO ROSARIO DISLA,<br><br>                    Petitioner,<br><br>                         -v.-<br><br>THOMAS DECKER, *in his official capacity as Director of the New York Field Office of U.S. Immigration & Customs Enforcement*, CHAD WOLF, *in his official capacity as Acting Secretary, U.S. Department of Homeland Security*, CARL E. DUBOIS, *in his official capacity as Sheriff of Orange County, New York*,<br><br>                    Respondents. | 20 Civ. 2551 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

      This Order of Release is issued pursuant to the Court's oral opinion of April 30, 2020.  For avoidance of doubt, the Court did not believe then, and does not believe now, that the detention of Petitioner Erinerso Rosario Disla by U.S. Immigration and Customs Enforcement ("ICE") is, in and of itself, unlawful or violative of Petitioner's constitutional rights.  Rather, the Court is concerned that the current conditions of Petitioner's detention at the Orange County Jail raise substantial claims under the Fifth and Eighth Amendments and, further, that extraordinary circumstances related to the COVID-19 pandemic exist that make the grant of bail necessary to make the habeas remedy effective.  Put simply, the Court is releasing Petitioner on strict conditions in order to minimize his risk of contracting the COVID-19 virus.

WHEREAS, on April 30, 2020, the Court ordered that Petitioner be released pursuant to the Court's authority under *Mapp* v. *Reno*, 241 F.3d 226 (2d Cir. 2001);

IT IS HEREBY ORDERED that Petitioner shall be released upon the following conditions:

1. Petitioner will reside with his U.S. citizen mother, father, brother, and sister at ███████████████████████████.

2. Petitioner will comply with all national, state, local, and CDC-issued guidelines and orders regarding COVID-19, including the statewide stay-at-home order currently in effect in New York.

3. Petitioner will be subject to home confinement. Petitioner may leave his home only for the purposes of obtaining food and other necessities, and for obtaining medical and mental health treatment.

4. Petitioner will be subject to telephonic monitoring by ICE.

5. Petitioner will be subject to electronic ankle monitoring by ICE.

6. Petitioner will be placed on standard release conditions to be determined by Respondents, such as directing Petitioner not to commit further crimes, to report to all court hearings, and to refrain from associating with gang members.

7. This Order of Release will remain intact, and Petitioner may not be re-detained by ICE while it is in effect. However, the Order of Release will terminate upon the earliest of: (i) the Court's adjudication of the Petition;

(ii) Petitioner absconding from the residence; (iii) Petitioner being arrested on or charged with a new criminal offense; or (iv) further order of the Court. Respondents may not re-detain Petitioner once any state or locally issued mitigation order is lifted without prior permission of the Court.

8. Either party may seek modifications of the conditions of release and supervision, including conditions that apply to re-detention, in light of material changes.

SO ORDERED.

Dated: May 1, 2020
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge